**BUCHANAN et al. v. WILLIAMS.**

**Civ. No. 3392.**

United States District Court
W. D. Louisiana, Alexandria Division.

April 17, 1952.

John A. Boatner, Bunkie, La., Malcolm E. Lafargue, Shreveport, La., for plaintiffs.

Gravel & Downs, Alexandria, La., for defendant.

DAWKINS, Chief Judge.

Plaintiffs sue for a balance alleged to be due on an original note for the sum of $34,785, executed by the defendant, less acknowledged credits, leaving a claimed balance of $25,634.

The facts are not disputed and the case was tried by the court without a jury.

The contention of the defendant is that the entire obligation has been discharged under the following circumstances and for the following reasons:

The original note was given by defendant to cover a series of obligations arising from giving what is usually referred to as "hot checks" to obtain possession of automobiles shipped to him by plaintiffs, which were to be sold by defendant principally at retail in or near Marksville, Louisiana. This took place over a comparatively short period, and by the time plaintiffs discovered the checks were not being honored, the indebtedness had grown to approximately $35,000. Thereupon, plaintiffs made an attempt to recoup what thus seemed to be a substantial loss, and defendant was induced to give mortgages upon such property as he had, including real estate, which was already mortgaged to others, and upon certain automobiles and parts carried in the place of business, the latter in the form of a chattel mortgage for $10,000. The real estate mortgage is not involved here, such amounts as were realized therefrom and other sources, besides the chattel mortgage, having been credited upon the large note, and there does not appear to be any controversy on that score. The principal issue arises from the foreclosure of the chattel mortgage given to provide additional or collateral security for the principal debt.

Unfortunately, in the foreclosure of the chattel mortgage, plaintiffs' counsel took advantage of an express stipulation therein waiving appraisement and sold the cars and other chattels without it. This was clearly in the face of a state statute, Act of Louisiana Legislature No. 28 of 1934, LSA-R.S. 13:4106–4107, which provides:

"In any case where any mortgagee or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered property, whether real or personal, or of both characters, and the proceeds of such sale are insufficient to satisfy the debt for which the property is sold, the debt nevertheless shall stand fully satisfied and discharged, and such mortgagee or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in any manner whatsoever.

"R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934."

Section 13:4106, Revised Statutes, declares that as a matter of public policy appraisement cannot be waived, and has

been impliedly sustained in cases not involving directly what is presented here.

Defendant contends that the debt in this case referred to in the statute, was the whole of the principal note of $34,785, and not merely the collateral one for $10,-000, which was actually foreclosed and the property sold without appraisal. Neither side has furnished, and perhaps there are no cases by the State Courts in point. However, this law while expressly declaring a public policy, nevertheless is one in derogation of the common right of contract and must be strictly construed. The debt involved in the foreclosure was the amount of the chattel mortgage note and the proceeds had to be credited thereon in discharge of the mortgage.

The court is of the view, therefore, that the plaintiffs have lost any right for a deficiency on the chattel mortgage note and must allow full credit for the face amount thereof, with interest to the date of the credit arising therefrom, in addition to the admitted credits upon the principal note.

Plaintiffs should, therefore, have judgment in this amount.